

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable D. W. Stakes
General Manager
Texas Prison System
Huntsville, Texas

Dear Major Stakes:

Opinion No. 0-7460

Re: Procedure to be followed
by the Prison System in
the handling of insane
convicts as to hospital-
ization.

Your letter requesting an opinion of this depart-
ment has been received and is quoted below:

"We find it necessary to request an Opinion
of your Department on the following:

"The personnel of the State Eleemosynary
Institutions (as administered by the Board of
Control) have refused to accept insane prisoners
in some instances, from the Texas Prison System,
by virtue of the existence of Article 6203e,
Revised Civil Statutes.

"It appears to us that Articles 3186a and
6203e may conflict, as Article 3186a provides
for insane convicts to be turned over to the
state hospitals, while Article 6203e provides
that insane convicts are to be held in the
prison hospital.

"Please advise what procedure should be
followed by the Prison System in the handling
of insane convicts as to hospitalization, that
is, which State Agency should take care of such
insane convicts, also furnishing us with the
Statutes and your Opinions, if any, regarding
this subject."

Honorable D. W. Stakes, Page 2

A subsequent letter dated October 31, 1946, furnishing additional information is, in part, as follows:

"Replying to your letter of October 29, 1946, regarding the State Prison Psychopathic Hospital called for in Article 6203e, will advise that this hospital was constructed out of money appropriated by the Forty-Third Legislature. However, in this connection, we wish to advise that this hospital has been used principally for a general hospital for the entire Texas Prison System, admitting cases of various kinds, and only a very small part has been used for psychopathic patients. In fact, it is not equipped to handle but a very limited number of patients in that category.

"I will also advise that we have no appropriation to pay a Superintendent or other person qualified to handle and treat psychopathic cases, as the only help we have is our Medical Supervisor and a part-time Prison Physician.

"Replying to your question as to whether or not the hospital has been receiving persons charged with a felony and are acquitted because of insanity, I will advise that such cases have not been received."

Article 6203e, V. A. C. S., referred to in your letters, is Senate Bill No. 170, passed by the 42nd Legislature and insofar as pertinent, is as follows:

"Section 1. That there shall be built, established and maintained, as a part of the Prison System of Texas, an Institution for the examination, observation, treatment and incarceration of all persons who have been convicted of felony, and who have been duly adjudged insane by any competent Court at law in the State of Texas; and, who have been acquitted by a Court of Competent Jurisdiction upon the grounds of insanity; said institution to be known as the State Prison Psychopathic Hospital.

Honorable D. W. Stakes, Page 3

"Section 2. The construction, support and maintenance of said institution shall be made by appropriation to the Prison System of Texas for that purpose. Said Institution shall be located on any land adjacent to, or within the walls of the prison system at Huntsville, Walker County, Texas.

"Section 3. The Texas State Prison Manager or other person in charge of the management of said prison shall, upon the advice of any prison physician send any prisoner to said Hospital for observation, care and treatment for thirty (30) days, and upon final examination he shall either be returned to confinement or an affidavit of insanity shall be filed against him as provided by law.

"Section 4. When any person shall be confined in any jail, asylum or other institution of confinement, who is charged by indictment and has been convicted of felony in this State and who has been duly adjudged insane by a Court of Competent Jurisdiction, upon the grounds of insanity shall be confined in said Institution and all persons who are now confined in the State Hospital for the insane who are classified by the superintendents of said different Hospitals for the insane as criminally insane shall upon proper certificate from the superintendent be transferred from said Hospital for the Insane to the State Prison Psychopathic Hospital."

"Section 6. The State Prison Board shall appoint with the advice of the General Manager of the State Prison System a Superintendent for said Hospital or Institution, a regularly licensed physician well qualified in the science of psychiatry who shall receive a fixed salary to be fixed by the Legislature not to exceed the sum of Three Thousand Three Hundred ($3,300.00) Dollars per year, with provisions for himself and family not to exceed Five Hundred

Honorable D. W. Stakes, Page 4

($500.00) Dollars per year with water, lights,
fuel, laundry and housing. The General Manager
of the State Prison shall appoint such assistant
physicians, well qualified in psychiatry as he
may deem best, and said assistant physicians
shall receive a salary to be fixed by the Legis-
lature not to exceed Two Thousand Seven Hundred
($2,700.00) Dollars per year with provisions
for board and laundry for himself and family.
The manager of the Prison System shall supply
the necessary guards."

"Section 8. The fact that the provisions
for caring for prisoners of unsound mind are
inadequate, and that a great many insane
prisoners have been committed to the various
State Hospitals for mental diseases and have
escaped, and that escaped insane prisoners are
a menace to the people of this State creates
an emergency and an imperative public necessity
that the Constitutional Rule requiring bills to
be read on three several days in each House be
suspended, and the same is hereby suspended,
and that this Act shall take effect and be in
force from and after its passage and it is so
enacted." (Emphasis added)

Article 3186a, V. A. C. S., is House Bill No. 140
also passed by the 42nd Legislature and is quoted below:

"Section 1. When any prisoner confined
in the State Penitentiary becomes insane, he
shall be treated by the prison physician at
Huntsville and shall be observed by said
physician and the Warden of the Penitentiary;
and when, in the judgment of said physician
or Warden, such convict is insane and should
be transferred to one of the State Hospitals
for treatment of the insane, then either said
prison physician or said warden shall go be-
fore the County Judge of Walker County, Texas
and make affidavit to said fact, and the County
Judge shall forthwith proceed to try said con-
vict in the same manner as other persons and
under the same rules of procedure as apply to
the trial of citizens who become insane. Upon
trial, if said convict is found to be insane,
the County Judge before whom he is tried shall
issue his warrant for transfer of said convict

to one of the State Hospitals for the treatment
of the insane or other place provided hereafter
by law, provided the provision of this law shall
not apply to prisoners under sentence of death
and confined within the State Penitentiary.

"Section 2. When a State Convict, located
on any of the prison farms, becomes insane, he
shall immediately be transferred to the main
prison at Huntsville for observation and treat-
ment.

"Section 3. The County Judge and Officers
trying said convict shall receive the same fees
as allowed by law for the trial of such cases
in the County Court; but all costs and expenses
incident thereto including Court costs and fees,
and the costs of providing the necessary clothing
for the admission of said convict to a State
Hospital for the treatment of the insane, to-
gether with the expense of transferring said
prisoner to such an institution shall be paid
by the manager of the Prison System out of funds
allowed for management and operation of the
Prison System.

"Section 4. The headquarters and main
offices of the Texas Prison System, being loca-
ted at Huntsville, in Walker County, that
County is given exclusive venue in the trial
of insane convicts who are inmates of the Texas
Prison System.

"Section 5. The fact that there is now no
law providing for the trial of insane con-
victs and the further fact that there are
several insane convicts confined in the Prison
System at this time who should be tried and
transferred for treatment to one of the State
Hospitals, creates an emergency and an imper-
ative public necessity that the Constitutional
Rule requiring Bills to be read on three
several days in each House be suspended and
that this Act shall take effect and be in
force from and after its passage, and it is so
enacted." (Emphasis added)

Honorable D. W. Stakes, Page 6

We believe a consideration also of Article 932a, Vernon's Code of Criminal Procedure, will afford help in arriving at the intent of the Legislature. Article 932a was passed in 1937, six years after Article 3166a and 5203e, and is as follows:

"Section 1. In any case where insanity is interposed as a defense and the defendant is tried on that issue alone, before the main charge, and the jury shall find the defendant insane, or to have been insane at the time the act is alleged to have been committed, and shall so state in their verdict, and further find the defendant:

"a. To have been insane at the time the act is alleged to have been committed, but sane at the time of trial, he shall be immediately discharged;

"b. To have been insane at the time the act is alleged to have been committed and insane at the time of trial, or sane at the time the act is alleged to have been committed and insane at the time of trial, the Court shall thereupon make and have entered on the minutes of the Court an order committing the defendant to the custody of the sheriff, to be kept subject to the further order of the County Judge of the county, and the proceedings shall forthwith be certified to the County Judge who shall at once take the necessary steps to have the defendant committed to and confined in a State hospital for the insane until he becomes sane.

"Section 2. When the defense on the trial of the main charge is the insanity of the defendant the jury shall be instructed, if they acquit him on that ground, to state that fact with their verdict, and if they further find the defendant:

"a. To have been insane at the time the act is alleged to have been committed, but sane at the time of trial, he shall be immediately discharged;

"b. To have been insane at the time the act is alleged to have been committed and insane at the time of trial, or sane at the time the act is alleged to have been committed and insane at the time of the trial, the Court shall thereupon make and have entered on the minutes of the Court an order committing the defendant to the custody of the sheriff, to be kept subject to the further order of the County Judge of the county and the proceedings shall forthwith be certified to the County Judge who shall at once take the necessary steps to have the defendant committed to and confined in a State hospital for the insane until he becomes sane.

"Section 3. When the defendant so committed to a hospital for the insane becomes sane, the superintendent of the hospital shall give written notice of that fact to the Judge of the Court from which the order of commitment issued. Upon receipt of such notice the Judge shall require the sheriff to bring the defendant from the hospital and place him in the proper custody until the hearing may be had before a jury in such Court to determine defendant's sanity, and if he be found sane, he shall be discharged, unless he had been previously found to be sane at the time at which he is alleged to have committed the offense charged, in which event, unless previously acquitted, he shall be tried for the offense charged."

Although Article 932a, V. C. C. P., deals with the question of insanity, when interposed as a defense, to a crime, and does not cover the set of facts before us, still we think it significant, because it provides for commitment in a state hospital of (1) all persons who are found to have been insane both at the time the act is alleged to have been committed and at the time of trial, and (2) all persons sane at the time the act is alleged to have been committed and insane at the time of trial.

Honorable D. W. Stakes, Page 8

The additional information supplied in your second letter leads us to the conclusion that there is in effect no State Prison Psychopathic Hospital as provided for in Article 6203e. You state that a prison hospital was constructed out of money appropriated by the 43rd Legislature, but that it is used principally as a general hospital, is equipped to handle but a limited number of psychopathic patients, and that no appropriation has ever been made to pay a Superintendent as called for in Section 6 of Article 6203e.

The appropriation for the construction of the above hospital is found in the General Appropriation Bill of the 43rd Legislature and is as follows:

"Hospital (to be used also for criminally insane) to be built with convict labor within the prison walls at Huntsville, Texas . . . $50,000"

A search of the appropriation bills since 1933 discloses that no appropriation has ever been made to pay a Superintendent as called for in Section 6 of Article 6203e.

It is the opinion of this department that until the deficiencies already mentioned in connection with Article 6203e are met, Article 3186a, V. A. C. S., and Article 932a, V. C. C. P., will control. Although there may be a hospital within the prison walls suitable for the housing of insane, it is not properly staffed as called for in Article 6203e, and therefore for all practical purposes it is not the State Prison Psychopathic Hospital as contemplated by Article 6203e.

It is the further opinion of this department that until the hospital is properly staffed and equipped all insane persons should be sent to a State Hospital in accordance with Article 3186a, V.A.C.S., and Article 932a, V.C.C.P.

We trust this satisfactorily answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Clarence Mills*

Clarence Y. Mills
Assistant

APPROVED DEC 20 1946

FIRST ASSISTANT

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN

CYM:ms